UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

THELMIAH LEE, JR.,
　　　　　*Defendant-Appellant.*

No. 02-4151

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Marvin J. Garbis, District Judge.
(CR-00-477-MJG)

Submitted: February 28, 2003

Decided: March 14, 2003

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Richard D. Bennett, Sean P. Vitrano, Todd M. Reinecker, MILES &
STOCKBRIDGE, P.C., Baltimore, Maryland, for Appellant. Thomas
M. DiBiagio, United States Attorney, Odessa P. Jackson, Assistant
United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Thelmiah Lee, Jr., was convicted by a jury of three counts of mail fraud, 18 U.S.C. § 1341 (2000), based on the filing of false tax returns with agencies in Arizona, Nebraska, and the District of Columbia. Lee was also convicted of two counts of filing false, fictitious, or fraudulent claims, 18 U.S.C. § 287 (2000), with the Internal Revenue Service [IRS] for 1995 and 1996. He was sentenced to a thirty-seven month term of imprisonment. Lee appeals the denial of his pre-trial suppression motion and motion in limine. He further claims his due process rights were violated when George Pope, a defense witness, was arrested when he appeared to testify and then invoked his Fifth Amendment privilege through counsel. We affirm the district court's denial of the motions and affirm Lee's conviction.

Agents for the IRS sought and received a search warrant for apartment one at 5515 Second Street, N.W., Washington, D.C. The agents, in conjunction with the United States Postal Service, investigated reports from tax agencies that numerous returns requesting refunds gave the same post office box address in Riverdale, Maryland. Based on their surveillance of the post office and their investigation, the agents believed one person used variations of the names Thelmiah Lee, Jr., and George Pope on the fraudulent tax returns. When the search warrant for apartment one was executed, it became clear that two individuals were involved in the tax scheme and one of them, the man they had observed at the post office box and the residence at 5515 Second Street, was in a second floor apartment in the same building, apartment three. The agents knocked on the door of apartment three and observed, through the broken panels of the door, distinctive clothing the suspect had worn during the post office surveillance. Two District of Columbia police officers were present in conjunction with the execution of the search warrant within their jurisdiction. When the suspect in apartment three would not respond to the officers' inquiries, the officers unhooked the door and entered the apartment. The suspect was found in the bedroom and a shotgun was in the bathroom. The suspect was detained for a short period of time, questioned at the house, and released.

The agents sought another warrant, presenting the original warrant application supplemented with information derived before they entered apartment three: a man they knew as Lee from the post office surveillance was in apartment three, and clothing worn by the suspect was in apartment three. They also asserted information derived from what they characterized as a protective sweep of apartment three: observation of a diploma issued to Thelmiah Lee and mail addressed to Thelmiah Lee in the apartment. The magistrate judge issued a search warrant for apartment three. Evidence seized in the apartment tended to establish Lee resided there and included evidence of the tax scheme.

Upon Lee's arrest, he moved to suppress the evidence from apartment three as seized pursuant to an invalid search warrant. Lee asserted the agents' entry into apartment three was not a valid protective sweep, and the search warrant for apartment three was therefore based on illegally obtained information. The district court denied the motion, finding the entry was pursuant to a valid protective sweep. In the alternative, the court concluded that even if the protective sweep was illegal, sufficient probable cause to issue the warrant had been presented even if the information discovered during the protective sweep was redacted from the warrant application.

This court reviews the factual findings underlying the denial of a motion to suppress for clear error, while reviewing the legal determinations de novo. *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, review of the evidence is made in the light most favorable to the government. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). The reviewing court should take care to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers. *Ornelas v. United States*, 517 U.S. 690, 699 (1996). We find it unnecessary to address the district court's finding the protective sweep was legal because we agree that ample probable cause to issue the search warrant existed independently of the information garnered during the protective sweep, that is, observations of the diploma and mail addressed to Lee. *See United States v. Gillenwaters*, 890 F.2d 679, 681-82 (4th Cir. 1989).

Lee asserts the district court erred in denying his motion in limine to exclude evidence of ninety-six federal tax returns and fifty-five state income tax returns not enumerated in the indictment. This court reviews a district court's ruling on a motion in limine for abuse of discretion. *Malone v. Microdyne Corp.*, 26 F.3d 471, 480 (4th Cir. 1994). We generally review the admission of evidence for abuse of discretion. *United States v. Rawle*, 845 F.2d 1244, 1247 (4th Cir. 1988). Evidence of uncharged conduct that arises from the same series of transactions as the charged offense or evidence that completes the story of the crime on trial is distinguishable from Rule 404(b) evidence. *See United States v. Kennedy*, 32 F.3d 876, 886 (4th Cir. 1994); *United States v. Mark*, 943 F.2d 444, 448 (4th Cir. 1991). We find the district court properly determined the tax returns were not Rule 404(b) evidence, but were instead intrinsic to the offense charged. Therefore, the district court properly denied the motion in limine.

Lee next asserts the arrest of George Pope was improper intimidation of a defense witness. No objection was made at trial. A defendant's due process right to present witnesses may be violated if government intimidation of the witness amounts to "substantial government interference with a defense witness' free and unhampered choice to testify." *United States v. Saunders*, 943 F.2d 388, 392 (4th Cir. 1991) (citation and internal quotation omitted); *see also United States v. MacCloskey*, 682 F.2d 468, 479 (4th Cir. 1982). Generally, errors that have not been preserved by contemporaneous objection are reviewed only for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). We find no error. The Government did not intimidate Pope but rather arrested him for participation in the tax scheme with Lee when he appeared.

Finally, Lee contends that the district court erred in accepting Pope's counsel's assertion that Pope would invoke his Fifth Amendment Privilege against self-incrimination, and that Pope should have been required to take the stand in front of the jury and so assert. At trial, Lee's counsel willingly accepted the proffer by Pope's counsel. Accordingly, the district court did not abuse its discretion by declining to require Pope to personally assert his privilege before the jury. *United States v. Castro*, 129 F.3d 226, 231 (1st Cir. 1997) (*citing Namet v. United States*, 373 U.S. 179, 186 (1963)).

Accordingly, we affirm the district court's denial of the motion to suppress and the motion in limine. We also affirm Lee's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid in the decisional process.

*AFFIRMED*